FILED
January 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ANIL RAZAKALI RAJWANI,** § | |
| Petitioner, § | |
| v. § | NO. SA-25-CV-01465-OLG |
| **PAMELA BONDI,** *et al.*, § | |
| Respondents. § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief (Dkt. No. 1) filed by Petitioner Anil Razakali Rajwani. Respondents have responded (Dkt. No. 6), and Petitioner has replied (Dkt. No. 7). For the reasons below, Petitioner's request for habeas relief will be granted.

## BACKGROUND

The relevant facts in this case are undisputed. Petitioner is a citizen of India who, pursuant to a six-month nonimmigrant visa, was admitted to the United States on February 25, 2014. (Dkt. No. 1 at 9; Dkt. No. 6-1 ¶ 4.) Having overstayed his visa, Petitioner was arrested by ICE on July 16, 2018, and served with a Notice to Appear (NTA). (Dkt. No. 10 at 89.) The NTA charged him as removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted. (*Id.*) He was initially detained pending removal proceedings but then ordered released on bond on August 29, 2018. (Dkt. No. 6-1 ¶¶ 5, 8; Dkt. No. 10 at 80–83.)

On November 7, 2022, an immigration judge (IJ) ordered Petitioner removed from the United States but granted him statutory withholding of removal to India under 8 U.S.C. § 1241(b)(3). (Dkt. No. 1 at 2; Dkt. No. 6 at 1.) On June 10, 2025, ICE took Petitioner back into custody during a routine check-in. (Dkt. No. 1 at 2; Dkt. No. 6-1 ¶ 8; Dkt. No. 10 at 21.)

Nine days into his detention, on June 19, 2025, ICE sent three Requests for Acceptance of Alien to the countries of Oman, Sri Lanka, and Mexico. (Dkt. No. 10 at 91–93.) Sri Lanka promptly declined; responses from Oman and Mexico remain "pending." (Dkt. No. 6-2 ¶ 16.)

On July 29, 2025, Petitioner moved to reopen his removal proceedings and terminate his statutory withholding of removal to India on the grounds that he "no longer fears future persecution" there. (Dkt. No. 6-1 ¶ 18; *see* Dkt. No. 1-2 at 2.) DHS did not oppose but refused to join in the motion. (Dkt. No. 6-1 ¶ 18.) The IJ denied his motion to reopen on August 14, 2025, as time barred, adding that if Petitioner "no longer fears returning to India, then he should notify DHS and enter a joint agreement to that effect." (Dkt. No. 1-2 at 2–3.)

Petitioner filed his Petition for Writ of Habeas Corpus on November 11, 2025. (Dkt. No. 1.) He brings a *Zadvydas* claim—asserting that his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)—and a claim based on Respondents' alleged violation of the INA—asserting that his continued detention is unlawful under 8 U.S.C. § 1231(a). Because the Court finds for Petitioner on his *Zadvydas* claim, it does not reach his statutory grounds for relief.

## DISCUSSION

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long

DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Respondents first contend Petitioner's *Zadvydas* claim is premature because "he has been detained less than six months." (Dkt. No. 6 at 3.) Although "nothing in *Zadvydas* precludes a challenge to detention before the presumptive[] . . . period has elapsed," *Villanueva v. Tate*, No. CV-H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025), his detention since June 10, 2025, has already lasted over six months. As such, any presumptive period has expired, and Petitioner has met his burden of showing "good reason" to believe there is no significant likelihood of his removal to a third country in the reasonably foreseeable future. But even if the presumptive period were ongoing, Petitioner has met his burden to prove that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal to India is subject to statutory withholding, he may not be removed to his country of origin. (*See* Dkt. No. 1-2 at 24–25.) "As a general matter, very few people subject to withholding of removal . . . are removed from the United States." *Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG-HJB, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025) (quoting *Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025) (alterations omitted)), *report and recommendation adopted*, No. SA-25-CV-

3

00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025). Indeed, Respondents submitted requests to three countries nearly seven months ago and have yet to receive a response from two. (Dkt. No. 7 at 2; Dkt. No. 10 at 91–93; Dkt. No. 6-1 ¶¶ 15–16.)

Despite his statutory withholding, however, Petitioner asked Respondents to join in his request to be removed to India—approximately two months after his detention began and three months prior to his initiating this proceeding—and they declined. (*See* Dkt. No. 1-2 at 2–3 ("[T]here is insufficient evidence demonstrating that DHS agrees with . . . and joins [Petitioner's] Motion to Reopen."); Dkt. No. 6-1 ¶ 18 ("DHS declined [Petitioner's] counsel's request for DHS to join in the motion."); Dkt. No. 7 at 3.) Additionally, Respondents did not provide Petitioner with "any written justification for his detention or revocation of his [bond]." (Dkt. No. 1 at 3.) The only reason since provided by ICE for Petitioner's detention was his 2022 removal order. (Dkt. No. 6-1 ¶ 8 ("[Petitioner] was taken back into custody . . . because he has a removal order.")).

Because Petitioner has shown "good reason," the burden shifted to Respondents to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701. In their response, Respondents assert that "removal is likely in the foreseeable future" because "ICE is pending a response from Oman and Mexico" to requests sent on June 19, 2025. (Dkt. No. 6 at 6.) This, coupled with the ICE officer's similarly cursory statement that it "is actively working with its agency counterparts to secure third-country removal" (Dkt. No. 6-1 ¶ 24), is insufficient to carry Respondents' burden. *See Puertas-Mendoza*, 2025 WL 3142089, at *2 (noting that "foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country" and granting habeas petition ).

4

## CONCLUSION

Based on the rareness of third-country removals, Respondents' refusal to join in Petitioner's request to be removed to his country of origin, and the long period of time between Petitioner's removal order and his detention, the Court finds that Petitioner's removal is not reasonably foreseeable.

Accordingly, Petitioner Anil Razakali Rajwani's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART**, and Respondents must release Petitioner under an Order of Release on Supervision **within 48 hours of the entry** of this Order.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Petitioner's Motion to Expedite (Dkt. No. 9) is **DISMISSED AS MOOT**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 14, 2026.

_____
ORLANDO L. GARCIA
United States District Judge